# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1913V

|  |  |
|---|---|
| KIMBERLY BETH GARRETT,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 20, 2024 |

*Scott William Rooney, Nemes, Rooney P.C., Farmington Hills, MI,*, for Petitioner.

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 27, 2021, Kimberly Beth Garrett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination on October 24, 2020. Petition, ECF No. 1. On April 9, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 66.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $14,813.24 (representing $14,348.00 in fees plus $465.24 in costs). Application for Fees and Costs ("Motion") filed Feb. 6, 2024, ECF No. 63. Furthermore, counsel for Petitioner represents that Petitioner incurred $468.12 in personal out-of-pocket expenses. *Id.* at 2. Respondent did not file a response thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $480 for attorney Scott W. Rooney, for all work performed in the 2023-2024 timeframe. Motion at 4-12. I find the requested rate to be reasonable and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 13-23. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Accordingly, Petitioner is awarded the total amount of $15,281.36**[3] **as follows:**

- **A lump sum of $14,813.24, (representing $14,348.00 in attorney's fees plus $465.24 in attorney's costs), in the form of a check payable jointly to Petitioner and Petitioner's counsel, Scott W. Rooney; and**

- **A lump sum of $468.12, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
